IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

DEANGELO PERKINS,
    Plaintiff,

v.                                           Cause No.: **3:23-cv-258**

UNITED PARCEL SERVICE, INC.,
    Defendant.

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE COURT:

Plaintiff, DEANGELO PERKINS ("Plaintiff" or "Employee Perkins"), now files this Original Complaint against Defendant, UNITED PARCEL SERVICE, INC. ("Employer UPS" or "Defendant"), and respectfully shows as follows:

### I. PARTIES

1. Plaintiff, DeAngelo Perkins, is a natural person residing in El Paso, Texas.

2. Defendant United Parcel Service, Inc. is a foreign for-profit corporation organized under the laws of the State of Ohio, which may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever it may be found.

### II. JURISDICTION

3. Jurisdiction is proper in this Honorable Court based on federal question jurisdiction.

### III. CHRONOLOGY OF FACTS

4. Employers must prevent racial discrimination in the workplace against employees to protect employees, like us all, from emotional traumas and financial losses.

5. United Parcel Service, Inc. is an employer.

6. Employer UPS must prevent racial discrimination in the workplace against employees to protect employees, like us all, from emotional traumas and financial losses.

7. On or about August 1995, Employer UPS hires an Employee.

8. On or about 2016, UPS promotes the Employee to Dispatch Supervisor.

9. In 2016, UPS is aware that the Employee creates an automated process for drivers, preventing incorrect addresses from being used. As a result, Employer UPS ranks the Employee as the best Dispatch Supervisor in the nation.

10. Employer UPS is aware that the Employee is the only African-American in management; everyone else in management is either white or Hispanic.

11. Employer UPS provides the Employee, as a Dispatch Supervisor, with six weeks of vacation every year.

12. In 2020, Employer UPS is aware that the Employee does not take a vacation, and the Employee's unused and accumulated vacation days roll over into the next year.

13. In 2021, Employer UPS is aware that the Employee does not take a vacation, and the Employee's unused and accumulated vacation days roll over into the next year.

14. Beginning in 2022, Employer UPS Division Manager Ronnie Chejetsky promotes white and Hispanic workers to positions above the Employee -- the only African-American in management -- without even approaching the Employee about the available positions.

15. Employer UPS Division Manager Ronnie Chejetsky refuses to include the Employee -- the only African-American in management -- on text message threads for pre-load operations, preventing the Employee from receiving necessary work-related information.

16. In 2022, Employer UPS Business Manager Rudy Madrid agrees with the Employee that the Employee will use the Employee's accumulated vacation days from September 21, 2022 through the end of December 2022.

17. On September 21, 2022, Employer UPS is aware the Employee begins his vacation.

18. On or about September 25, 2022, Employer UPS pays the Employee his monthly paycheck.

19. On or about October 25, 2022, Employer UPS pays the Employee his monthly paycheck.

20. In late October 2022, Employer UPS Business Manager Rudy Madrid speaks with the Employee on the phone to discuss Employer UPS's operations for dealing with an expected package volume spike at Christmas.

21. On or about November 25, 2022, Employer UPS pays the Employee his monthly paycheck.

22. On or about December 25, 2022, Employer UPS does not pay the Employee his paycheck for December 2022.

23. On or about December 27, 2022, after the Employee calls Employer UPS's 1-800 number for human resource matters, Employer UPS Human Resources Department tells the Employee, for the first time, that Employer UPS terminated the Employee on October 14, 2022.

24. Employer UPS replaces the Employee -- the only African-American in management -- with Manning Martinez, who has no experience in the Employee's position as a manager.

25. That Employee is DeAngelo Perkins.

## IV. CAUSES OF ACTION

### A. Race Discrimination in Violation of 42 U.S.C. §1981

26. As described above, Employer UPS, by and through its agents, including but not limited to Division Manager Ronnie Chejetsky, Business Manager Rudy Madrid, and the Human Resources Department, intentionally and knowingly discriminated against and harassed Employee Perkins, a United States citizen, merely because of his race in violation of 42 U.S.C. §1981.

27. Thus, Employer UPS sponsored, encouraged and condoned its agents' racial discrimination and harassment of Employee Perkins.

## V. DAMAGES

28. As a direct and proximate result of Defendant's discrimination and conduct against Plaintiff, as described above, Plaintiff has suffered harms and losses. Plaintiff's harms and losses include in the past and the future: lost wages and benefits; employment opportunities; lost income; loss of earning capacity; mental anguish; emotional pain and suffering; inconvenience; loss of enjoyment of life; and other non-pecuniary losses.

## VI. ATTORNEY'S FEES

29. Pursuant to 42 U.S.C. §1988(b)-(c), Plaintiff is entitled to reasonable attorney's fees and reasonable expert fees as costs in prosecuting this lawsuit.

## VII. JURY TRIAL DEMAND

30. Plaintiff requests that this case be decided by a jury as allowed by Federal Rule of Civil Procedure 38.

## VIII. PRAYER

31. Plaintiff respectfully prays that he recover from Defendant, under the Civil Rights Act of 1866, 42 U.S.C. §1981 and the Civil Rights Act of 1991, 42 U.S.C. §1981a, actual damages, including but not limited to, past and future lost earnings, mental anguish and inconvenience, emotional pain and suffering, loss of enjoyment of life, bodily injury, pain and suffering, economic damages and benefits in the past and future, compensatory damages, punitive damages, pre-judgment interest, post-judgment interest, attorney's fees, costs, and such other and further relief to which he may show himself to be justly entitled, in law and in equity.

**SIGNED** on this July 11, 2023.

Respectfully submitted,

**CHAVEZ LAW FIRM**
2101 Stanton Street
El Paso, Texas 79902
(915) 351-7772

By: _/s/ Enrique Chavez, Jr._

**Enrique Chavez, Jr.**
enriquechavezjr@chavezlawpc.com
State Bar No.: 24001873
**Michael R. Anderson**
manderson@chavezlawpc.com
State Bar No.: 24087103
*Attorneys for Plaintiff*