UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **DEANGELO PERKINS,** § | |
| § | |
| *Plaintiff,* § | |
| v. § | |
| § | **EP-23-CV-258-KC** |
| **UNITED STATES PARCEL SERVICE** § | |
| **OF AMERICA, INC.,** § | |
| § | |
| *Defendant.* § | |

## MEMORANDUM ORDER

Plaintiff DeAngelo Perkins brings this employment discrimination action under 42 U.S.C. § 1981, alleging that Defendant United States Parcel Service of America, Inc. terminated him because of his race. Before the Court is Plaintiff's "Motion to Compel Discovery from Defendant" (ECF No. 13) ("Motion"), in which he seeks an order overruling Defendant's written objections to his discovery requests and compelling Defendant to produce the discovery requested. In response, Defendant argues, in part, that Plaintiff flouted the meet-and-confer requirement in Local Rule CV-7(g) before filing his Motion. *See* Resp. in Opp'n at 4–5, ECF No. 17. The Honorable District Judge Kathleen Cardone referred Plaintiff's Motion to the undersigned Magistrate Judge under 28 U.S.C. § 636(b) for resolution. For the reasons below, the Court **DENIES** Plaintiff's Motion **WITHOUT PREJUDICE**.

Local Rule CV-7(g) states that the Court

> may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made.

W.D. Tex. Loc. R. CV-7(g). Simply put, the rule requires the parties to meet and confer in good faith to resolve the dispute without court intervention before they file a non-dispositive motion,

such as one on discovery matters.  *See* 12 Charles Wright & Arthur Miller, *Fed. Practice & Procedure* § 3068.2 (4th ed.) (Motions on discovery matters are generally non-dispositive.); *see also Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation.").

To "confer" means that the parties must have enough two-way communications to discuss, deliberate, or compare views on any issues necessary to resolve the dispute.  *See Diaz v. Cuatro T Constr., Inc.*, No. SA-20-CV-00231-OLG, 2021 WL 2709681, at *1 n.1 (W.D. Tex. Mar. 19, 2021) (citing *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 399 (S.D. Tex. 2012)).  And to do so in "good faith" means that the parties must genuinely attempt to resolve the dispute without judicial intervention, and not to treat their negotiations simply as a formal prerequisite for judicial review.  *Id.* (same).  To that end, parties flout Local Rule CV-7(g) when they file non-dispositive motions after, for example, only communicating through one-way letters or emails, or demanding compliance from one another without first identifying and discussing any specific issues.[1]

Here, after reviewing the parties' briefs and exhibits, the Court concludes that Plaintiff flouted the meet-and-confer requirement in Local Rule CV-7(g).  Tellingly, in his Motion, Plaintiff only addresses Defendant's written objections with broad, non-specific arguments rather than with tailored arguments on the parties' specific points of dispute over his discovery requests—which would have come to light had the parties conferred as Local Rule CV-7(g) requires.[2]  *See* Mot. at

---

[1] *See, e.g.*, *Velazquez–Perez v. Developers Diversified Realty Corp.*, 272 F.R.D. 310, 312 (D.P.R. 2011) (plaintiff's communications that threatened defendant with moving to compel if discovery requested was not produced did not satisfy meet-and-confer requirement); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999) (parties do not satisfy the conference requirement simply by requesting or demanding compliance with discovery requests).

[2] Plaintiff's broad, non-specific arguments sprawl across 19 pages and strain to cover nearly 79 discovery requests, which consist of a blend of requests for production and interrogatories, some of which contain more than ten subparts.  Worse yet, Plaintiff not only incorporates *all* his discovery requests *and* Defendant's responses and objections to his Motion, but Plaintiff also proposes a one-page boilerplate

5–18. But above all, a review of the parties' email exchanges reveals that the parties **never** conferred on the disputed discovery requests.

Plaintiff's counsel served the disputed discovery requests on Defendant on September 22, 2023. *See generally* Mot., Ex. A, ECF No. 13-1. By agreement, Defendant's counsel served their objections and responses on Plaintiff via email on November 17, 2023. *See generally* Mot., Ex. B, ECF No. 13-2; Resp. in Opp'n at 2. In that email, Defendant's counsel also advised that they would produce discovery separately. *See* Mot., Ex. B.

Then, after months without any communications on Plaintiff's discovery requests, on Friday, February 9, 2024, Plaintiff's counsel emailed Defendant's counsel a letter stating that they had not received any discovery and arguing that Defendant's responses and objections were deficient. *See generally* Mot., Ex. C, ECF No. 13-3. Plaintiff's counsel branded their own letter as "an attempt to meet and confer to resolve" the parties' dispute without court intervention, but at the same time, demanded Defendant to produce all responsive material, serve "amended discovery responses," and "remov[e] the waived and deficient objections." *Id.*, Ex. C at 3–5. Two business days later, on Tuesday, February 13, 2024, Plaintiff filed this Motion. *See generally* Mot.

At the end of the Motion, Plaintiff's counsel certified their compliance with Local Rule CV-7(g) by stating that they "attempted to confer with Defendant's counsel . . . by email on February 9, 2024." Mot. at 21. But as explained above, communication through one-way letters

---

blanket order granting his Motion and compelling Defendant to produce *all* discovery within 7 days. *See* Mot. at 1, 20. Plaintiff also did not file a reply to Defendant's opposition.

It is not the Court's burden to sift through the discovery requests, responses, and objections, and then concoct tailored arguments addressing each discovery request (and subparts) on Plaintiff's behalf. *See Agarwal v. Oregon Mut. Ins.*, No. 2:11-CV-01384-LDG, 2013 WL 211093, at *3 (D. Nev. Jan. 18, 2013) (denying motion where plaintiff "dumped" all his discovery requests and "did not bother to link arguments to specific discovery requests"); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Rather, as the movant, Plaintiff has the burden to do so in a clear and organized manner in his Motion.

and demands of compliance before the parties have first identified and discussed any specific issues flout Local Rule CV-7(g).  *See Velazquez*, 272 F.R.D. at 312; *Seaboard*, 189 F.R.D. at 459.  Plaintiff's counsel also certified that "the parties were unable to resolve their discovery disputes at issue in this Motion[,]" Mot. at 21, but failed to provide "the specific reason that no agreement could be made" as the Local Rule requires, W.D. Tex. Local R. CV-7(g).

To be sure, when Plaintiff's counsel complained about receiving no discovery on February 9, 2024, Defendant's counsel had yet to produce the discovery promised on November 17, 2023.  Only months later did Defendant's counsel realize their mistake and produce such discovery on February 21, 2024.  But the parties' exhibits suggest that, during those months, Plaintiff's counsel did not follow up on Defendant's missing production or request to meet and confer on Defendant's responses and objections.  Indeed, two days **after** Plaintiff filed his Motion, Plaintiff's counsel even acknowledged in an email that the parties had yet to meet and confer: "Defendant has not produced anything at all, *even now after the filing of Plaintiff's motion to compel*.  Given the time remaining in the discovery period, *when are you available to confer?*"  Resp. in Opp'n, Ex. C at 3 (email dated Feb. 15, 2024) (emphasis added).

If anything, it appears that Plaintiff filed the Motion simply to strongarm Defendant into producing the discovery requested.  This strategy may have been proper—and could have complied with Local Rule CV-7(g)—had Plaintiff filed the Motion after, for example, Plaintiff's counsel had repeatedly and continuously requested to meet and confer in good faith, and Defendant's counsel had evaded the requests and failed to produce any discovery.[3]  But Plaintiff's counsel did not do that here—instead, Plaintiff filed the Motion only two business days after a *single* "attempt to meet and confer," which was really a one-way letter demanding Defendant to

---

[3] That said, the Court emphasizes that the quality of the communications "is far more important than the quantity."  *Seaboard*, 189 F.R.D. at 459.

produce all responsive material, amend its discovery responses, and remove its objections, or else face a motion to compel.

What is more, Plaintiff's counsel not only flouted the Local Rules' meet-and-confer requirement but also their 10-page limit for discovery motions. *See* W.D. Tex. Local R. CV-7(c)(2) ("Unless otherwise authorized by the court, discovery and case management motions are limited to 10 pages[.]"). Plaintiff's Motion is nineteen pages long, nearly twice the allowed 10-page limit, but at no point before filing the Motion did Plaintiff's counsel request leave from the Court to exceed that limit.

Accordingly, the Court **DENIES** Plaintiff DeAngelo Perkins' "Motion to Compel Discovery from Defendant" (ECF No. 13) **WITHOUT PREJUDICE**.

The Court **WARNS** Plaintiff's counsel that repeated failure to comply with the Court's Local Rules may result in **SANCTIONS**.[4]

**So ORDERED and SIGNED this  5th  day of April 2024.**

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] At this time, the Court exercises its discretion to deny Defendant's Rule 37(a)(5)(B) request for reasonable expenses and attorney's fees because Defendant did not timely produce the discovery promised on November 17, 2023. *See* Resp. in Opp'n at 8–9.